MARTHA G. RICHARDSON *vs.* CALEB RICHARDSON.

The lessee of part of a house, with a right " to have the improvement of all the homestead land," cannot grant a license to a stranger to pass for his own purposes over the land, against the will of the lessor.

ACTION OF TORT for breaking and entering the plaintiff's close. The facts, as shown by the report of an arbitrator, to whom the case was referred, are stated in the opinion.

MERRICK, J.    The defendant attempts to justify the acts complained of under a license from Dustin, the plaintiff's lessee.    It is found by the arbitrator that the plaintiff is the owner in fee of the premises described in the declaration ; and that the particular close, on which the alleged trespass was committed, consists of a small strip of land inclosed on each side by fences, and by a gate and bars at the end of it, and is appropriated to, and used exclusively for, the purpose of a private street or passage way from the public highway to the dwelling-house and lands in the occupation and improvement respectively of herself and her tenant Dustin under his lease.    The latter, so far as he had any legal right to do so, against the will and objection of his lessor, gave permission to the defendant to pass through and over this passage way to his own land, and to use it for that purpose at his pleasure.    In the opinion of the arbitrator, Dustin had no right under his lease to give such license or grant such a privilege.    But this question is expressly reserved and referred to the consideration of the court; and in the alternative award reported, the judgment now to be entered is made dependent upon the determination of it.

By the provisions of the lease to Dustin, the plaintiff demised to him for a term of years a certain described part of her dwelling-house and other buildings standing on the close described in the declaration, and also gave to him the right " to have the improvement of all the homestead land " which came to her by virtue of the last will of her deceased husband.    As the private passage way before mentioned, from the public highway to the dwelling-house, constituted a part of the homestead farm, the lessee was entitled to have the improvement of it. But how, in what manner, and to what extent, was he to have the use and enjoyment of it ?    The answer is plain, that he was to use it, according to what it is obvious must have been the understanding of the parties to the contract, for the only purpose for which, in connection with the occupation of the whole estate, it was prepared, set apart and exclusively appropriated. He has an unrestricted right of way there, to whatever extent it should be found needful in the conduct of his business and the

Richardson *v.* Richardson.

complete enjoyment of the leasehold premises; and this includes, of course, an authority to grant a license for the use of it, in common with himself, to all persons whom he employs or supports on the premises, or who have any lawful occasion to resort to the place or to hold communication with any persons resident there. But this is the limit of his right, and he cannot enlarge it, nor confer upon others any of the privileges which the lease secures only to him; nor enlarge a private way, set apart and appropriated by the plaintiff exclusively to the convenient occupation and improvement of her own estate, into a thoroughfare for strangers or adjoining proprietors. Such a grant to the tenant in no degree tended to dispossess the plaintiff of the close in question. It left it in her possession as before, subject only to the easement of a right of way created by the lease in behalf of the lessee; with this exception it remained wholly her own. The license therefore, which was given by Dustin to the defendant, to use that land for the purpose of passing across it to lands of his own, was unauthorized, and as against the rights of the plaintiff entirely ineffectual. And consequently his entry upon it against her will, and in opposition to her express prohibition, was an act of trespass, for which he is responsible to her. The conclusion upon the whole matter is, that the opinion expressed by the arbitrator is correct, and judgment is to be entered according to his award for the plaintiff.

*J. Q. A. Griffin,* for the plaintiff

*A. V. Lynde,* for the defendant.